```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF FLORIDA

                   CASE NO. 12-61891-CIV-ZLOCH
```

DENISE RICHARDSON,

        Plaintiff,             **ORDER ON**
                                    **FAIR LABOR STANDARDS ACT**
vs.                                **SETTLEMENT INSTRUCTIONS**

LIFELOCK, INC., and TODD
DAVIS,

        Defendants.
_____/

    THIS MATTER is before the Court sua sponte. This action involves a claim under the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. Based on the requirements stated in <u>Lynn's Food Stores, Inc. v. United States</u>, 679 F.2d 1350 (11th Cir. 1982), the Court enters these instructions to inform the lawyers of what is expected of them should this case be resolved by a settlement.

    Accordingly, it is

    **ORDERED AND ADJUDGED** as follows:

    1. If a settlement is reached in the above-styled cause, the Parties shall file a Notice Of Settlement with the Court immediately, and they shall call chambers to advise the Court of the settlement;

    2. Within ten (10) calendar days after the filing of said Notice, the Parties shall file a Stipulation Of Dismissal pursuant to Federal Rule 41(a)(1), together with the Settlement Agreement signed by all Parties and Counsel of record to which it applies.

The Settlement Agreement shall clearly set forth its terms, including the following:

   a. The amount of regular or overtime wages collected, including any liquidated damages;

   b. The amount of attorney's fees Plaintiff incurred in the prosecution of this action and the fees Plaintiff stands to collect, if any;

   c. Whether the settlement fully satisfies Plaintiff's attorney's fees, or whether in satisfaction of the outstanding fees the attorney will attach the settlement, and if so the amount; and

   d. Whether there was undue influence, overreaching, collusion, or intimidation in reaching the settlement;

   3. If the Parties fail to resolve the issue of attorney's fees, the Court will entertain the appropriate Motion no later than ten (10) calendar days after the date the Final Order of Dismissal is entered;

   4. Any motion for attorney's fees must comport in full with Local Rule 7.3, and Counsel must submit copies of the original time records as they are kept by the attorney's firm. The Court will not accept a mere summary or compilation of the hours billed. Said motion must have an itemized accounting for all hours expended, the hourly rate of each billing attorney or paralegal, and a separate total of the billable hours spent by each attorney or paralegal who worked on the case so that the Court is able to scrutinize the records for reasonableness. Block billing is not permitted; and

    5. Any motion to file the Settlement Agreement under seal must state with specificity the reasons for it to be filed under seal. No such motion will be granted if it seeks an order sealing the Settlement Agreement for longer than one (1) year.

    **DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida this \_\_\_3rd\_\_\_ day of January, 2013.

                                              WILLIAM J. ZLOCH
                                              United States District Judge

Copies furnished:

All Counsel of Record