IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
BROWARD DIVISION

CASE NUMBER: 12-CV-61891 ZLOCH/OTAZA-REYES

DENISE RICHARDSON, an individual,

       Plaintiff,

v.

LIFELOCK, INC., a Delaware corporation, and TODD DAVIS, an individual,

       Defendants.
_____/

**DEFENDANT TODD DAVIS' MOTION TO DISMISS
COUNT XI OF PLAINTIFF'S AMENDED COMPLAINT OR,
IN THE ALTERNATIVE, TO TRANSFER UNDER 28 U.S.C. § 1404(A)
<u>AND INCORPORATED MEMORANDUM OF LAW</u>**

In Counts I through X of the Amended Complaint, Denise Richardson ("Plaintiff") asserts numerous claims against LifeLock, Inc. ("LifeLock"). While those claims against LifeLock are without merit, the gravamen of the complaint focuses exclusively on Plaintiff's alleged relationship with LifeLock. However, in Count XI, Plaintiff attempts to embroil Todd Davis ("Davis"), the CEO of LifeLock, in this litigation by asserting a single claim against him: for individual liability under Section 510 of the Employee Retirement Income Securities Act ("ERISA"), allegedly for retaliating against Plaintiff for seeking ERISA benefits. The final count of Plaintiff's complaint – the only one alleged against Davis – is a transparent (albeit baseless) maneuver to threaten LifeLock's CEO with personal liability. Plaintiff's single claim against Davis fails for each of the reasons set forth in LifeLock's pending motion to dismiss with respect to the ERISA claims asserted against LifeLock. In addition, Count XI should be dismissed for failure to state a claim because the complaint falls far short of alleging facts sufficient to impose personal liability on Davis. Finally, in the alternative, Davis joins LifeLock's motion to transfer under 28 U.S.C. § 1404, as any claim against Davis individually should be adjudicated in Arizona, as should Plaintiff's claims against LifeLock.

In response to Plaintiff's complaint in this matter, LifeLock filed a Motion to Dismiss Plaintiff's Amended Complaint, or in the Alternative to Transfer Under 28 U.S.C. §1404(a) ("LifeLock's Motion") (Dkt. No. 12). Davis joins LifeLock's Motion, which is incorporated herein by reference, and for the reasons asserted therein, as well as the additional reasons discussed below, Davis asserts that Count XI is deficiently pleaded and is subject to dismissal under Fed. R. Civ. P. 12(b)(6). In the alternative to dismissal on any one of those numerous

1

grounds, Davis also joins LifeLock in requesting transfer of any non-dismissed claims to the District of Arizona pursuant to 28 U.S.C. §1404(a).

## MEMORANDUM OF LAW

### SUMMARY OF FACTUAL ALLEGATIONS[1]

In the interest of avoiding duplication, Davis expressly incorporates herein by reference, for background purposes, the Summary of Factual Allegations set forth on pages 2-5 of LifeLock's Motion, although most of those allegations are made against LifeLock and specific factual allegations against Davis in the Amended Complaint are virtually non-existent. As to the procedural background of Plaintiff's claim against Davis, on December 18, 2012, having not been served as of that date, Davis agreed to accept service of process through his counsel. The parties agreed that Davis would answer or otherwise respond by January 16, 2013.

### ARGUMENT

### I.   MOTION TO DISMISS STANDARD

Dismissal is warranted under Fed. R. Civ. P. 12(b)(6) "when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Marshall County Bd. of Educ. v. Marshall County Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause

---

[1] For purposes of this motion to dismiss only, Davis takes as true the few allegations directed against him in the Amended Complaint. Nothing in this Motion, however, should be viewed as an admission by Davis that either the factual or legal assertions in the Amended Complaint are true or accurate. To the contrary, Davis believes that the conclusory allegations against him in the Amended Complaint are demonstrably false, and the legal assertions incorrect. Regardless, Plaintiff's Amended Complaint does not state a claim on which relief can be granted.

2

of action will not do." *Powell v. Barrett*, 496 F.3d 1288, 1304 (11th Cir. 2007) (quoting *Bell Atl. Cop. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007)). As a result, a "district court is not required to accept as true [plaintiff]'s conclusions of law when considering a Rule 12(b)(6) motion to dismiss." *Solis-Ramirez v. U.S. Dept. of Justice*, 758 F.2d 1426, 1429 (11th Cir. 1985). Plaintiff's allegations do not state a claim against Davis and Count XI should be dismissed. *See, e.g., Obazee v. Wells Fargo Advisors*, Inc., No. 3:10-CV-215, 2010 WL 3522091 (E.D. Va. Sept. 3, 2010) (dismissing the plaintiff's ERISA § 510 claim and explaining that "[s]ince the most that can be said for [the] Amended Complaint is that it alleges facts not inconsistent with wrongdoing under [ERISA] § 510, this portion of [plaintiff's] ERISA claim must be dismissed as [he] has failed to take the additional step of showing some wrong doing which would entitle him to relief.").

## II. COUNT XI, THE AMENDED COMPLAINT'S LONE COUNT AGAINST DAVIS, SHOULD BE DISMISSED

### A. Plaintiff Cannot Be a Participant Under the Terms of LifeLock's ERISA Plans and, Therefore, She Cannot Plead a Valid Retaliation Claim Under ERISA

Count XI of Plaintiff's Amended Complaint asserts a claim under ERISA's anti-retaliation provision, which like other sections of ERISA, only applies to participants or beneficiaries of an ERISA plan. *See Wolf v. Coca-Cola Co.*, 200 F.3d 1337, 1343 (11th Cir. 2000). For the reasons set forth in Section II(A) of LifeLock's Motion, as expressly incorporated by reference herein, the terms of LifeLock's ERISA plans specifically exclude Plaintiff from participation, and therefore, she is ineligible to claim the protections of ERISA's anti-retaliation provision. *See* LifeLock's Motion at pp. 6-8. *See also Wolf*, 200 F.3d at 1343-44 (finding that

3

Wolf's ERISA retaliation claim failed because she was not eligible under the terms of Coca-Cola's ERISA plan and therefore, not a "participant" in the plans).

### B. Plaintiff Has Failed to Allege Sufficiently a Claim for ERISA Retaliation Against Davis

#### i. Plaintiff Fails to Allege Facts Sufficient to Plead a Claim Against Davis Individually

In addition to the grounds for dismissal included in LifeLock's Motion, Count XI should be dismissed for the fundamental reason that there is no allegation in Plaintiff's complaint sufficient to establish a claim that Davis is personally liable under ERISA's anti-retaliation provision. Instead, Plaintiff apparently has brought her claim against Davis for tactical purposes, and simply based on his status as CEO of LifeLock; those are insufficient grounds on which to assert an ERISA retaliation claim. *See, e.g, Oliver v. Black Knight Asset Mgmt.*, LLC, 812 F. Supp. 2d 2, 14-16 (D.D.C. 2011) (dismissing ERISA claims against individual defendants and explaining that "mere reference to an individual's role as an officer in a company is insufficient to establish liability").

Instead of containing any particular factual allegations regarding alleged retaliation by Davis himself, the Amended Complaint contains unsupported and conclusory assertions focused on Davis' alleged role and authority at the company. For example, Plaintiff's allegations against Davis include the claim that he "**had the right** to independently determine whether to continue to employ [Plaintiff] or terminate her employment" and "**had the capability and means** to provide access to all ERISA [benefits]." (Am. Compl. ¶¶ 138, 139) (emphasis added). While Plaintiff makes the conclusory assertion that Davis "decided to take adverse employment action" against Plaintiff (Am. Compl. ¶ 142), there is not a single factual allegation regarding Plaintiff's

4

communication with Davis on an ERISA-protected matter, Davis' awareness of any request for benefits by Plaintiff, or Davis' involvement in the alleged termination of Plaintiff's relationship with LifeLock. In the absence of such factual allegations, case law makes clear that a Section 510 retaliation claim against an officer that is based, at most, on his or her role with the defendant company, does not provide an actionable basis for personal liability and should be dismissed. *See Oliver*, LLC, 812 F. Supp. 2d at 16 (finding that plaintiff failed to allege facts sufficient to pierce corporate veil and dismissing ERISA retaliation claim against CEO).

Under ERISA, an "individual cannot be held liable for corporate ERISA obligations solely by virtue of his role as officer, shareholder, or manager" of a corporation. *Maguire v. Level Sights, Inc.*, 2004 WL 1621187, No. 03 CV 2294, *1 (July 19, 2004). Rather, the complaint must contain factual allegations sufficient to demonstrate that the officer, shareholder, or manager *personally* "discriminated against or took any adverse employment action against [an employee]" or "that [he] altered, significantly or otherwise, the employee-employer relationship." *See id.* at *2 (finding that the allegations in the complaint failed to set forth a viable claim under § 510 against the president of a corporation). No such factual allegations are made against Davis in the Amended Complaint. Indeed, the sole factual allegation regarding Davis' personal involvement with Plaintiff is unrelated to her claim for retaliation, because it occurred four years prior to her claimed termination (Am. Compl. ¶ 141) ("[Davis] personally made the same promises and representations to DR and her fiancé in her home in Florida in early 2008"). All remaining allegations concerning Davis (i) either refer to his actions *"as the CEO of LifeLock, and as DR's statutory employer"* (Am. Compl. ¶¶ 138-139); (ii) simply lump Davis in with LifeLock, for example "LifeLock, *including TD*" (Am. Compl. ¶¶ 28-29, 43) or "LifeLock *and TD*" (Am. Compl. ¶ 39) or (iii) contain bald conclusory assertions of "adverse employment

5

actions" (Am. Compl. ¶¶ 142-143) without a shred of factual support or detail and with no differentiation whatsoever from identical claims against LifeLock. None of Plaintiff's allegations are sufficient to support a claim for retaliation against Davis individually; therefore, that claim should be dismissed.

### ii. Plaintiff Has Failed to Allege the Elements of a Prima Facie Case of ERISA Retaliation

Plaintiff's claim against Davis also should be dismissed for failure to allege a prima facie case. Pursuant to controlling federal case law, in order to state a claim for ERISA retaliation, Plaintiff "must show an adverse employment action, taken with the specific intent to deprive h[er] of certain benefits, and that those benefits were covered by ERISA." *See Obazee v. Wells Fargo Advisors, Inc.*, 2010 WL 3522091, at *3. Here, Plaintiff cannot plead facts sufficient to show that her termination was taken with the specific intent to deprive her of ERISA benefits because, as discussed above, she was expressly excluded from participation in LifeLock's ERISA plans. *See* Section A, *supra*. *See also Wolf v. Coca-Cola Co.*, 200 F.3d at 1340 (holding that ERISA retaliation claim did not sufficiently plead the first element of prima facie case because plaintiff was not a "participant" in the ERISA plan at issue). Even assuming *arguendo* that Plaintiff could be a participant under the LifeLock plans, she has failed to allege facts sufficient to show the specific intent to deprive her of benefits under those plans. Because "district courts typically require[] plaintiffs to at least allege the elements of a prima facie case," which she has not, Plaintiff has failed to plead a claim for ERISA retaliation. *See Obazee*, 2010 WL 3522091 at *3-5 (dismissing the plaintiff's ERISA § 510 claim for failure "to allege facts

from which the Court could plausibly conclude that he is entitled to the relief he seeks under ERISA").

### C. Plaintiff Has Failed To Exhaust Her Administrative Remedies

For the reasons set forth in Section II(B) of LifeLock's Motion, as expressly incorporated by reference herein, Count XI also should be dismissed because Plaintiff has failed to exhaust her administrative remedies, a prerequisite to filing suit under Section 510 of ERISA. *See* LifeLock's Motion at pp. 9-11. *See also Byrd v. MacPapers, Inc.*, 961 F.2d 157, 160 (11th Cir. 1992) (requiring plan participants to exhaust administrative remedies as a pre-condition to asserting ERISA § 510 retaliation claims).

### III. ALTERNATIVELY, THIS CASE SHOULD BE TRANSFERRED PURSUANT TO 28 U.S.C. § 1404(a)

If Count XI of the Amended Complaint is not dismissed, Davis joins LifeLock's motion to transfer this case to Arizona pursuant to 28 U.S.C. § 1404(a), and expressly incorporates herein LifeLock's arguments in support of transfer. *See* LifeLock's Motion at p. 20. *See also* LifeLock's Reply in Support of its Motion to Dismiss (Dkt. No. 17). As established in LifeLock's Motion, agreements that Plaintiff attaches to her complaint contain a valid forum selection clause requiring this litigation to take place in Arizona. Plaintiff also alleges that those agreements provide the basis for the relationship allegedly terminated in violation of ERISA. While Davis is not alleged to be party to any agreement with Plaintiff, there is clear case law warranting application of the forum selection clause to Plaintiff's claim against Davis as well, because that claim is so closely connected to Plaintiff's claims against LifeLock. *See, e.g., Gonzalez v. Watermark Realty Inc.*, No. 09-60265-CIV, 2010 WL 1299740, at *4 (S.D. Fla. March 30, 2010) ("[T]he alleged conduct of Defendants is so closely connected to the transaction at issue, that

7

Defendants are plainly entitled to enjoy the benefits of the forum-selection clause. ... Plaintiff cannot now vitiate the forum-selection clause against parties he claims are non-signatories, when he himself agreed to the forum-selection clause.") (citing *Tradex Global Master v. Palm Beach Capital Mgmt.*, No. 09-21622, 2010 WL 717686, at *1, 5 (S.D. Fla. March 1, 2010); *Liles v. Ginn-LA West End, Ltd.*, No. 3.08-cv-1217-J-34JRK, 2010 WL 5671779, at *10-11 (M.D. Fla. March 31, 2010) (finding that defendants, who were non-signatories to the contract at issue, were entitled to invoke the forum selection clause in the contract signed by the plaintiff). Plaintiff concedes in response to LifeLock's motion that "forum selection clauses are typically favored by Courts and that to overcome a forum selection clause, she must make a compelling case." Plaintiff has failed to make a compelling case and the forum selection clause to which Plaintiff agreed should be enforced both with respect to LifeLock and Davis.

      In fact, transfer of this case to Arizona is equally, if not more, appropriate in connection with Plaintiff's sole claim against Davis. While ERISA generally allows for nationwide jurisdiction, Plaintiff does not allege a single contact with Davis in Florida that would justify requiring him to defend this case in this forum. Instead, it is clear from Plaintiff's own allegations that Davis resides in Arizona and Plaintiff does not allege a single action by Davis in Florida that is relevant to her retaliation claim. None of the LifeLock documents and none of the LifeLock witnesses that would be relevant to any alleged conduct by LifeLock or Davis are in Florida. Under these circumstances, and in light of Plaintiff's admitted agreement to litigate any disputes regarding her relationship with LifeLock in Arizona, the Section 1404(a) factors weigh in favor of transfer of this matter to the District of Arizona.

12-CV-618911 ZLOCH/OTAZA-REYES

## CONCLUSION

WHEREFORE, for the foregoing reasons, Davis requests that the Court grant the relief sought herein and such other and further relief as the Court deems just and proper.

| | |
|---|---|
| Dated: January 16, 2013. | Respectfully submitted,<br><br>GREENBERG TRAURIG, P.A.<br>*Attorneys for Defendants LifeLock, Inc. and Todd Davis*<br>333 Avenue of the Americas<br>(333 S.E. 2nd Avenue)<br>Miami, Florida  33131<br>Telephone: (305) 579-0500<br>Facsimile:  (305) 579-0717<br><br>By:___/s/ Robin L. Scott_____<br>      Robin L. Scott<br>      Florida Bar No. 0012445<br>      scottr@gtlaw.com<br><br>GREENBERG TRAURIG, LLP<br>*Attorneys for Defendants LifeLock, Inc. and Todd Davis*<br>CHARLES B. LEUIN<br>*Admitted Pro Hac Vice*<br>77 West Wacker Drive, Suite 3100<br>Chicago, IL 60601<br>Telephone: (312) 476-5059<br>Facsimile: (312) 899-0432<br>leuinc@gtlaw.com |

12-CV-618911 ZLOCH/OTAZA-REYES

## CERTIFICATE OF SERVICE

I hereby certify that on **January 16, 2013**, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/ Robin L. Scott

12-CV-618911 ZLOCH/OTAZA-REYES

## SERVICE LIST
### Richardson v. LifeLock, Inc., et al.
### Case No. 12-CV-61891 ZLOCH/OTAZA-REYES
### United States District Court, Southern District of Florida
### Broward Division

Lorne E. Berkeley, Esq.
Email: lberkeley@dkdr.com
Jordan C. Kay, Esq.
Email: jkay@dkdr.com
DANIELS KASHTON DOWNS ROBERTSON & McGIRNEY
3300 Ponce De Leon Boulevard
Coral Gables, Florida 33134
*(Attorneys for Plaintiff)*

11